1   Justin M. Penn (SBN 302350)
    jpenn@hinshawlaw.com
2   Aji N. Abiedu (SBN 282794)
    aabiedu@hinshawlaw.com
3   HINSHAW & CULBERTSON LLP
    11601 Wilshire Blvd., Suite 800
4   Los Angeles, CA 90025
    Telephone:  310-909-8000
5   Facsimile:   310-909-8001

6   Attorneys for Defendant HARRIS & HARRIS, LTD.

7

8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10  RENATA KING,                          Case No. **'15CV1187 GPC BGS**

11              Plaintiff,                 (Assigned to the Honorable
                                           _____ Courtroom "__")
12      vs.

13  HARRIS & HARRIS, LTD.,                 **DEFENDANT'S NOTICE OF
                                           REMOVAL OF CIVILE ACTION
14              Defendant.                 PURSUANT TO 28 U.S.C.
                                           SECTIONS 1331, 1441 AND 1446**
15
                                           **[SUBJECT MATTER
16                                         JURISDICTION]**

17                                         Removal Filed: May 28, 2015

18

19

20       **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

21       **PLEASE TAKE NOTICE THAT** pursuant to the provisions of 28 U.S.C.

22  sections 1331, 1441(a) and 1446(b), Defendant HARRIS & HARRIS, LTD.

23  ("H&H"), hereby removes to this Court the state action currently pending in the Los

24  Angeles County Superior Court of California, described more fully below:

25       1.      On April 9, 2015, a civil action was commenced in the Superior Court

26  of the State of California, in and for the County of Los Angeles, entitled _Renata_

27  _King v. Harris & Harris, LTD._, as case number 15K04218.  True and

28                                      1

1  correct copies of all pleadings, process and orders in said action served upon H&H
2  are attached hereto as **Exhibit "A"** and incorporated herein.

3  2.  Defendant H&H's registered agent was personally served with a copy
4  of the summons and complaint between April 9, 2015 and May 19, 2015.

5  3.  In light of its pendency in Los Angeles County, the United States
6  District Court for the Cental District of California, Western Division, is the proper
7  forum for removal under the provisions of 28 U.S.C. sections 84(d) and 1441(a) and
8  1446(b).

9  4.  This Notice of Removal was filed within thirty days of service of the
10  complaint upon Defendant and one year of the commencement of the action. It is,
11  therefore, timely under 28 U.S.C. section 1446(b).

12  5.  The complaint purports to allege a federal cause of action against
13  Defendant for purported violations of the Fair Debt Collection Practices
14  ("FDCPA"), 15 U.S.C. §§1692 *et seq.*

15  6.  This action is one over which this Court has original jurisdiction under
16  28 U.S.C. § 1331 and may be removed to this Court pursuant to the provisions of 28
17  U.S.C. sections 1441(a) and  1446(b) in that it is a civil proceeding over which the
18  district courts have original jurisdiction as a claim arising under the laws of the
19  United States, the FDCPA, 15 U.S.C. §§ 1692 *et seq.*

20  WHEREFORE, Defendant hereby notifies Plaintiff Renata King by and
21  through her attorneys that the above-entitled action, formerly pending in the Los
22  Angeles County Superior Court has been removed from that court to this Court.
23  Defendant prays that this Court will make any and all orders necessary to effect the
24  removal of this cause from the Court of the State of California for the County of Los
25  / / /

26
27
28

2

1   Angeles and to effect and prepare in this Court the true record of all proceedings

2   that may have been had in the said state court proceedings.

3

4

5   DATED:  May 28, 2015                    HINSHAW & CULBERTSON LLP

6

7                                      By: *s/Aji N. Abiedu*
                                           Aji N. Abiedu
8                                          Attorneys for Defendant HARRIS &
                                           HARRIS, LTD.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

# EXHIBIT A

# COPY

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

HARRIS & HARRIS, LTD.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

RENATA KING

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 09 2015

Sherri R. Carter, Executive Officer/Clerk
By Anabella Figueroa, Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of Los Angeles County

111 N. Hill St.
Los Angeles, Ca 90012

CASE NUMBER
(Número del Caso): **BK04218**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Todd M. Friedman, 324 S. Beverly Dr., #725, Beverly Hills, CA 90212, 877-206-4741

DATE: **APR 09 2015**        **SHERRI R. CARTER**        Clerk, by        **Anabella Figueroa**        , Deputy
*(Fecha)*                                                     *(Secretario)*                                              *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

BY FAX

COPY

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>Todd M. Friedman, Esq. SBN 216752<br>Law Offices of Todd M. Friedman<br>324 S. Beverly Dr., #725<br>Beverly Hills, CA 90212<br>TELEPHONE NO. 877-206-4741   FAX NO. 866-633-0228<br>ATTORNEY FOR *(Name)*: Plaintiff, Renata King | FOR COURT USE ONLY<br><br>**CONFORMED COPY<br>ORIGINAL FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>APR 09 2015<br><br>Sherri R. Carter, Executive Officer/Clerk<br><br>By Anabella Figueroa, Deputy |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill St,
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Renata King v. Harris & Harris, Ltd.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER |
|---|---|---|
| ☐ Unlimited  ☑ Limited<br>(Amount        (Amount<br>demanded     demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter   ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **15K04218**<br><br>JUDGE<br>DEPT |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☑ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is  ☑ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties        d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel    e. ☐ Coordination with related actions pending in one or more courts
        issues that will be time-consuming to resolve                in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence           f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a.☑ monetary   b.☐ nonmonetary; declaratory or injunctive relief   c. ☐punitive
4. Number of causes of action *(specify)*: 3
5. This case ☐ is  ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 4, 2015
Todd M. Friedman
_____                    ►_____
(TYPE OR PRINT NAME)                                          (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]          **CIVIL CASE COVER SHEET**          Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov
American LegalNet, Inc.
www.FormsWorkflow.com

# COPY

| SHORT TITLE Renata King v. Harris & Harris, Ltd. | CASE NUMBER 15K04218 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

**BY FAX**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 3-4  ☐ HOURS/ ☑ DAYS

Item II. Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check one Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

| LACIV 109 (Rev. 03/11) | CIVIL CASE COVER SHEET ADDENDUM | Local Rule 2.0 |
|---|---|---|
| LASC Approved 03-04 | AND STATEMENT OF LOCATION | Page 1 of 4 |

| SHORT TITLE | Renata King v. Harris & Harris, Ltd. | CASE NUMBER | |
|---|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property<br>Damage/ Wrongful Death Tort** | Business Tort (07) | ☐  A6029   Other Commercial/Business Tort (not fraud/breach of contract) | 1 , 3 |
| | Civil Rights (08) | ☐  A6005   Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐  A6010   Defamation (slander/libel) | 1. 2., 3. |
| | Fraud (16) | ☐  A6013   Fraud (no contract) | 1. 2., 3 |
| | Professional Negligence (25) | ☐  A6017   Legal Malpractice | 1. 2., 3 |
| | | ☐  A6050   Other Professional Malpractice (not medical or legal) | 1 , 2., 3. |
| | Other (35) | ☑  A6025   Other Non-Personal Injury/Property Damage tort | 2., 3 |
| **Employment** | Wrongful Termination (36) | ☐  A6037   Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐  A6024   Other Employment Complaint Case | 1., 2. 3 |
| | | ☐  A6109   Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty<br>(06)<br>(not insurance) | ☐  A6004   Breach of Rental/Lease Contract (not unlawful detainer or wrongful<br>eviction) | 2., 5. |
| | | ☐  A6008   Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5 |
| | | ☐  A6019   Negligent Breach of Contract/Warranty (no fraud) | 1 , 2 , 5 |
| | | ☐  A6028   Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐  A6002   Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐  A6012   Other Promissory Note/Collections Case | 2., 5 |
| | Insurance Coverage (18) | ☐  A6015   Insurance Coverage (not complex) | 1 2., 5., 8. |
| | Other Contract (37) | ☐  A6009   Contractual Fraud | 1., 2., 3., 5. |
| | | ☐  A6031   Tortious Interference | 1., 2., 3., 5. |
| | | ☐  A6027   Other Contract Dispute(not breach/insurance/fraud/negligence) | 1 2., 3., 8 |
| **Real Property** | Eminent Domain/Inverse<br>Condemnation (14) | ☐  A7300   Eminent Domain/Condemnation      Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐  A6023   Wrongful Eviction Case | 2., 6 |
| | Other Real Property (26) | ☐  A6018   Mortgage Foreclosure | 2., 6. |
| | | ☐  A6032   Quiet Title | 2., 6. |
| | | ☐  A6060   Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial<br>(31) | ☐  A6021   Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential<br>(32) | ☐  A6020   Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-<br>Post-Foreclosure (34) | ☐  A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐  A6022   Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev 03/11)          **CIVIL CASE COVER SHEET ADDENDUM**          Local Rule 2 0
LASC Approved 03-04               **AND STATEMENT OF LOCATION**                 Page 2 of 4

| SHORT TITLE Renata King v. Harris & Harris, Ltd. | | CASE NUMBER |
|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2 , 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2 , 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2 , 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1 , 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1 , 2., 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3 , 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1 , 2., 5., 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6. |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2 , 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 6., 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2 , 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2 , 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2. 8. |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2., 3., 9 |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3 , 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2 , 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4 , 8. |
| | | ☐ A6100  Other Civil Petition | 2., 9. |

LACIV 109 (Rev  03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

| SHORT TITLE | CASE NUMBER |
|---|---|
| Renata King v. Harris & Harris, Ltd. | |

Item III. Statement of Location; Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., Step 3 on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.<br><br>☐1, ☐2, ☐3, ☐4  ☐5  ☐6, ☐7, ☐8,  ☐9, ☐10. | ADDRESS<br>1627 Camulos Ave |
|---|---|

| CITY | STATE | ZIP CODE |
|---|---|---|
| Glendale | CA | 91208 |

Item IV, *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the __Stanley Mosk__ courthouse in the __Central__ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b) (c) and (d)].

Dated: April 4, 2015

(SIGNATURE OF ATTORNEY/FILING PARTY)

PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.0
Page 4 of 4

Exhibit A - Page 9

COPY

Todd M. Friedman (216752)
Suren N. Weerasuriya (278521)
Adrian R. Bacon (280332)
Law Offices of Todd M. Friedman, P.C.
324 S. Beverly Dr. #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
sweerasuriya@attorneysforconsumers.com
abacon@attorneysforconsumers.com
Attorneys for Plaintiff

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

APR 09 2015

Sherri R. Carter, Executive Officer/Clerk
By Anabella Figueroa, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA
FOR THE COUNTY OF LOS ANGELES
LIMITED JURISDICTION

|  |  |
|---|---|
| RENATA KING, | Case No. **15K04218** |
| Plaintiff, | (Amount not to exceed $10,000) |
| vs. | 1. Violation of Rosenthal Fair Debt Collection Practices Act |
| HARRIS & HARRIS, LTD., | 2. Violation of Fair Debt Collection Practices Act |
| Defendant. | 3. Violation of Telephone Consumer Protection Act |

BY FAX

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq*, (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*, (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. Ancillary to the claims above, Plaintiff further alleges claims

Complaint - 1

for Defendant's violations of the Telephone Consumer Protection Act., 47 U.S.C. §227, *et seq.* (hereinafter "TCPA").

## II. PARTIES

2.     Plaintiff, Renata King ("Plaintiff"), is a natural person residing in Los Angeles County in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

3.     At all relevant times herein, Defendant, Harris & Harris, Ltd. ("Defendant") was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c). Further, Defendant uses an "automatic telephone dialing system" as defined by the TCPA, 47 U.S.C. §227.

## III. FACTUAL ALLEGATIONS

4.     At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt.

5.     On or about September of 2014, Defendant numerously calling Plaintiff regarding an alleged outstanding debt on Plaintiff's cellular telephone number ending in -3978. The calls from Defendant were so numerous, frequent and repetitive that Plaintiff felt harassed by said calls. The number, pattern and frequency of calls to Plaintiff also evidences Defendant to harass Plaintiff.

6.     Additionally, Defendant has failed to sent or otherwise produce to Plaintiff the required notices pursuant to 15 U.S.C. Section 1692g.

7.     On January 26, 2015, Plaintiff's counsel sent a written notice of representation. Defendant has failed to respond at this time.

8.     Defendant used an "automatic telephone dialing system", as defined by *47 U.S.C. § 227(a)(1)*, to place its repeated collection calls to Plaintiff seeking to collect the debt allegedly owed.

9.     Defendant's calls constituted calls that were not for emergency purposes as defined by *47 U.S.C. § 227(b)(1)(A)*.

10.    Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incur a charge for incoming calls pursuant to *47 U.S.C. §227(b)(1)*.

11.    During all relevant times, Defendant did not have Plaintiff's prior consent to be contacted via an "automated telephone dialing system".

12.    Defendant's conduct violated the FDCPA and the RFDCPA in multiple ways, including but not limited to:

   a) Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal Civ Code § 1788.11(d));

   b) Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute an harassment to Plaintiff under the circumstances (Cal Civ Code § 1788.11(e));

   c) Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§ 1692d(5));

   d) Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§1692c(a)(1));

e) Failing to provide Plaintiff with the notices required by 15 USC § 1692g, either in the initial communication with Plaintiff, or in writing within 5 days thereof 1692g(a)); and

f) Engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff (§ 1692d),

13.    Defendant's conduct violated the TCPA by:

a) using any automatic telephone dialing system or an artificial or pre-recorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call (47 USC §227(b)(A)(iii)).

14.    As a result of the above violations of the FDCPA, RFDCPA, and TCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress.   Plaintiff has even had to resort to taking sleeping pills because of the telephone calls.   Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

**COUNT I: VIOLATION OF ROSENTHAL
FAIR DEBT COLLECTION PRACTICES ACT**

15.    Plaintiff reincorporates by reference all of the preceding paragraphs.

16.    To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A.    Actual damages;

B.    Statutory damages for willful and negligent violations;

C.    Costs and reasonable attorney's fees,

Complaint - 4

D.    For such other and further relief as may be just and proper,

## COUNT II: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

17.    Plaintiff reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

A.    Actual damages;

B.    Statutory damages;

C.    Costs and reasonable attorney's fees; and,

D.    For such other and further relief as may be just and proper.

## COUNT III: VIOLATION OF TELEPHONE CONSUMER PROTECTION ACT

18.    Plaintiff incorporates by reference all of the preceding paragraphs.

19.    The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

20.    As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

21.    The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above cited provisions of 47 U.S.C. § 227 et seq.

22.    As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

23.    Plaintiff is entitled to and seek injunctive relief prohibiting such conduct in the

Complaint - 5

future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the

Defendant for the following:

A. As a result of Defendant's negligent violations of *47 U.S.C. §227(b)(1)*, Plaintiff is entitled to and requests $500 in statutory damages, for each and every violation, pursuant to *47 U.S.C. 227(b)(3)(B)*;

B. As a result of Defendant's willful and/or knowing violations of *47 U.S.C. §227(b)(1)*, Plaintiff is entitled to   and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to *47 U.S.C. §227(b)(3)(B)* and *47 U.S.C. §227(b)(3)(C)*; and

C. Any and all other relief that the Court deems just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 4th day of April, 2015.

By: _____

Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

Complaint - 6

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

15K04218

In re Los Angeles Superior Court Cases General ) Case No.:
Order – Limited Jurisdiction (Non-Collections) )
Cases                                          )   GENERAL ORDER
                                               )
                                               )
                                               )
                                               )

TO EACH PARTY AND TO THE ATTORNEY OF RECORD FOR EACH PARTY:

Pursuant to the California Code of Civil Procedure, the California Rules of Court, and the

Los Angeles County Court Rules, the COURT HEREBY GENERALLY ORDERS AS

FOLLOWS IN THIS ACTION:

　　　1.　　PLAINTIFF/S IS/ARE ORDERED TO SERVE A COPY OF THIS

GENERAL ORDER ON THE DEFENDANT/S WITH COPIES OF THE SUMMONS

AND COMPLAINT AND TO FILE PROOF OF SERVICE, AS MANDATED IN THIS

ORDER. (Code Civ. Proc., § 594, subd. (b).)

　　　2.　　The Court sets the following trial date in this case in Department 77 at the

Stanley Mosk Courthouse, 111 North Hill Street, Los Angeles, CA 90012:

　　　POS: 1 0 / 0 9 / 2015  TRIM: 1 0 / 1 1 / 2015  CSC: 0 4 / 0 9 / 2018

TRIAL:
　• Date: _____ at 8:30 a.m.

SERVICE OF SUMMONS AND COMPLAINT

　　　3.　　The trial date set forth above is conditioned on the defendant/s being served

with the summons and complaint within six (6) months of the filing of the complaint. The

GENERAL ORDER – 1

trial date will be continued to a later date if service is not accomplished within six (6) months. The parties may stipulate to keep the original trial date even if service of the summons and complaint is not completed within six (6) months of the filing of the original complaint.

4.      The summons and complaint shall be served upon the defendant/s within three (3) years after the complaint is filed in this action.  (Code Civ. Proc., § 583.210, subd. (a).) Failure to comply will result in dismissal, without prejudice, of the action, as to all unserved parties who have not been dismissed as of that date.  (Code Civ. Proc., § 581, subd. (b)(4).). The dismissal as to the unserved parties, without prejudice, for this case shall be effective on the following date:

---

### UNSERVED PARTIES DISMISSAL DATE

_____

---

5.      No Case Management Review (CMR) will be conducted in this case.

### LAW AND MOTION

6.      All regularly noticed pre-trial motions will be heard in Department 77 on Mondays, Tuesdays, Wednesdays, and Thursdays at 8:30 a.m.   Motions will require parties to reserve a hearing date by calling (213) 974-6247.   All motions should be filed in Room 102 of the Stanley Mosk Courthouse.

7.      Tentative rulings may be posted on the Court's internet site at http://www.lasuperiorcourt.org/tentativeruling the day prior to the hearing.

GENERAL ORDER - 2

## EX PARTE APPLICATIONS

8.      Ex parte applications should be noticed for 1:30 p.m. in Department 77. All applications must be filed by 1:00 p.m. in Room 102 of the Stanley Mosk Courthouse.

## JURY FEES

9.      The fee shall be due no later than 365 calendar days after the filing of the initial complaint. (Code Civ. Proc., § 631, subds. (b) and (c).)

## STIPULATION TO CONTINUE TRIAL

10.     A trial will be postponed if all attorneys of record and/or the parties who have appeared in the action stipulate in writing to a specific continued date. If the Stipulation is filed less than five (5) court days before the scheduled trial date, then a courtesy copy of the stipulation must be filed in Department 77. The stipulation and order should be filed in Room 102 of the Stanley Mosk Courthouse with the required filing fees. (Code Civ. Proc., § 595.2 and Govt. Code § 70617, subd. (c)(2).)

## TRIAL

11.     Parties are to appear on the trial date ready to go to trial, and must meet and confer on all pretrial matters at least 20 calendar days before the trial date. On the day of trial the Parties shall bring with them to Department 77 all of the following:

i.      Joint Statement of the Case;

ii.     Motions in Limine, which must be served and filed in accordance with the Local Rules of the Los Angeles Superior Court ( LASC), see local rule 3.57;

iii.    Joint Witness List disclosing the witnesses who will be called what they will testify to, and how long their testimony will take;

iv.     Joint Exhibits in exhibit books, numbered appropriately, and Exhibit List;

GENERAL ORDER - 3

v.     Joint Proposed Jury Instructions printed out for the court; and

vi.    Joint Proposed Verdict form(s) printed out for the court.

12.    **FAILURE TO COMPLY WITH ANY REQUIREMENT SET FORTH IN PARAGRAPH 11 ABOVE MAY RESULT IN SANCTIONS OR THE VACATING OF THE TRIAL DATE.** (Los Angeles Superior Court Local Rule 3.37.)


GOOD CAUSE APPEARING THEREFORE, IT IS SO ORDERED.


DATE: March 13, 2013

Hon. Stephanie Bowick
Judge of the Superior Court

GENERAL ORDER - 4

1

## CERTIFICATE OF SERVICE

2

*Renata King v. Harris & Harris, LTD.*

3

**Case No.** _____

4

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

5

I am a citizen of the United States and employed in Los Angeles, California,

6

at the office of a member of the bar of this Court at whose direction this service was made. I am over the age of 18 and not a party to the within actions; my business

7

address is 11601 Wilshire Blvd., Los Angeles, California 90025.

8

On **May 28, 2015**, I served the document(s) entitled, **DEFENDANT'S NOTICE OF REMOVAL OF CIVILE ACTION PURSUANT TO 28 U.S.C.**

9

**SECTIONS 1331, 1441 AND 1446[SUBJECT MATTER JURISDICTION]**, on the interested parties in this action by placing trust copies thereof enclosed in a

10

sealed envelope(s) addressed as stated below:

11

## SEE ATTACHED SERVICE LIST

12

☒ **(BY MAIL):**   I deposited such envelope in the mail at Los Angeles, California with postage fully prepaid.   I am readily familiar with this firm's practice of

13

collection and processing correspondence for mailing.  Under that practice it would be placed for collection and mailing, and deposited with the U.S. Postal Service on

14

that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of party served, service is

15

presumed invalid if postal cancellation date or postage meter date is more than 1 day after date of deposit for mailing in affidavit.

16

☐ **(VIA OVERNIGHT MAIL):**   I am "readily familiar" with the firm's

17

practice of collection and processing correspondence for overnight delivery.  Under that practice it would be deposited in a box or other facility regularly maintained by

18

the express service carrier, or delivered to an authorized courier or driver authorized by the express service carrier to receive documents, in an envelope or package

19

designated by the express service carrier with delivery fees paid or provided for, addressed to the person on whom it is to be served, at the office address as last given

20

by that person on any document filed in the cause and served on the party making service; otherwise at that party's place of residence.

21

☐ **(BY ELECTRONIC MAIL):**   By transmitting a true copy thereof to the

22

electronic mail addresses as indicated below.

23

☐ **(BY FACSIMILE):** By transmitting an accurate copy via facsimile to the person and telephone number as stated.

24

☒ **(BY CM/ECF SERVICE):** I caused   such   document(s)   to   be   delivered

25

electronically via CM/ECF as noted herein.

26

I declare under penalty of perjury under the laws of the United States that the above is true and correct and was executed on May 28, 2015, at Los Angeles,

27

California.

28

Robin Mojica

1

CERTIFICATE OF SERVICE

31594673v1 0966836

## SERVICE LIST

*Renata King v. Harris & Harris, LTD.*

### Case No. _____

| | |
|---|---|
| Todd Friedman (SBN 216752)<br>Suren N. Weerasuriya (SBN 278521)<br>Adrian R. Bacon (SBN 280332)<br>LAW OFFICES OF TODD M. FRIEDMAN<br>324 S. Beverly Drive, Suite 725<br>Beverly Hills, CA 90212<br>Phone: (877) 206-4741<br>Facsimile: (866) 633-0228<br>Emails:<br>tfriedman@attorneysforconsumers.com;<br>sweerasuriya@attorneysforconsumers.com;<br>abacon@attorneysforconsumers.com | Attorneys for Plaintiff RENATA KING |

1

31594673v1 0966836